IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KING PHILLIP AMMAN REU-EL,**
formerly known as Phillip Delbert
Cheatham,

      **Plaintiff,**

      v.                                                              **CASE NO. 23-3139-JWL**

**STATE OF KANSAS,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil complaint on June 12, 2023. The Court entered a Notice of Deficiency on June 13, 2023, directing Plaintiff to submit the filing fee or a motion for leave to proceed in forma pauperis by July 13, 2023. (Doc. 3.) On June 30, 2023, Plaintiff filed a motion to dismiss this case. (Doc. 4.) The Court entered an Order dismissing this case on June 30, 2023, and this case remains closed. (Doc. 5.) On August 1, 2023, Plaintiff filed a notice (Doc. 7) requesting the Court to take judicial notice of adjudicative facts and asking the Court to reopen this case.

Plaintiff moved this Court to dismiss this case, arguing that it was filed in error and that he intends to refile with the necessary corrections. (Doc. 4, at 1.) Plaintiff now asks the Court to reopen this case, arguing that he "never received a copy of the Notice of Deficiency due in part to unlawful mail tampering by the KDOC." (Doc. 7, at 2.) Then Plaintiff suggests that his failure to receive the Notice of Deficiency somehow led to his "premature" request to dismiss this case, arguing that a removal action does not require a filing fee. *Id*.

This case was initiated by Plaintiff filing a "Civil Complaint" in this Court and not by a notice of removal. Furthermore, Plaintiff cites his 2015 state criminal case in which he has

already been sentenced.  Therefore, removal of the criminal case would not be possible.  The removal statutes refer to the removal of *pending* cases.  *See, e.g.,* 28 U.S.C. § 1441(a) (providing for removal to the district court of the United States for the district and division embracing the place "where such action is pending"); 28 U.S.C. § 1443 (same); 28 U.S.C. § 1446(a) (same); 28 U.S.C. § 1455(a) (same).  The procedure for removal of criminal prosecutions is set forth in 28 U.S.C. § 1455, and provides that:

> A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1455(b)(1). "Critically, the foregoing statute refers to criminal 'prosecutions,' consistent with the notion that the point of removal is to have the trial go forward in federal, rather than state, court." *Miller v. Louisiana*, Civil Action No. 18-14251, 2019 WL 1293273, at *2 (E.D. La. March 1, 2019), adopted, 2019 WL 1277522 (E.D. La. March 20, 2019).  "That is reflected in the requirement that a notice of removal must generally be filed no later than thirty days after the arraignment in state court." *Id*.

"[T]he statute clearly does not contemplate removal of a case *after* conviction." *Id*. (emphasis in original) (citing *Smith-El v. Louisiana*, Civ. Action No. 16-cv-1310, 2016 WL 8900203, at *1 (W.D. La. Sept. 27, 2016), *adopted*, 2017 WL 1821111 (W.D. La. May 3, 2017); *see also Barber v. Vance*, Case No. 3:16-cv-2105, 2019 WL 267874, at *2 (D. Ore. Jan. 18, 2019) ("[Plaintiff's] criminal case is finished at the state trial court level and removal to this trial court is improper after the case is closed (and untimely, because he would have needed to file a petition of removal within 30 days of his arraignment, *see* 28 U.S.C. § 1455(b)(1) )".); 8A Fed. Proc, L.Ed. § 22:59 ("The general rule is that a criminal prosecution can be removed from a state to a federal court only after indictment and before trial.")); *see also New Hampshire v.*

*Woodham*, Case No. 21-cr-128-JL, 2022 WL 1432069, at *2 (D. N.H. April 6, 2022), *adopted*, 2022 WL 1423608 (D. N.H. May 4, 2022) ("A state court criminal defendant may remove a state court 'criminal prosecution[ ]' to federal district court in the district 'within which such prosecution is pending.'"); *Colombo v. Cty. of Suffolk*, 2010 WL 1459196, at *1 (E.D.N.Y. April 8, 2010) (noting that the court denied plaintiff's application to remove her closed criminal action, finding no good cause to extend the deadline to remove a criminal action and that the underlying criminal prosecution had concluded, leaving no action to remove).

This case was dismissed based on Plaintiff's motion to dismiss, not based on the Notice of Deficiency or any failure to comply with it. Plaintiff's argument that he voluntarily dismissed this case because he did not receive the Notice of Deficiency is without merit.

The remainder of Plaintiff's "notice" appears to be an attack on his state criminal proceedings and conviction. Challenges to the validity of a sentence in a state criminal case must be presented in habeas corpus. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity." *See Pinson v. Berkebile*, 553 F. App'x 852, 853 (10th Cir. 2014) (unpublished) (citing *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011)) (emphasis added). "By contrast, a state prisoner's federal habeas challenge to the validity of an underlying conviction or sentence must typically be brought under § 2254." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 (10th Cir. 2017) (citation omitted).

Nothing in Plaintiff's notice warrants reopening this case. Plaintiff has not shown that he is entitled to relief under any provision of Rule 60(b),[1] nor has he shown that his dismissal was involuntary. *See Schmier v. McDonald's LLC*, 569 F.3d 1240, 1243 (10th Cir. 2009) (finding no basis to reverse district court's denial of motion to set aside voluntary dismissal) (citing *Warfield*

---

[1] This case was dismissed on June 30, 2023, and Plaintiff's notice was electronically filed on August 1, 2023. *See* Doc. 7, at 11. Therefore, the notice was filed more than 28 days after the dismissal. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

*v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 543 (6th Cir. 2001) (affirming denial of Rule 60(b) motion to vacate dismissal with prejudice because movant failed to show that dismissal was involuntary)); *see also Bell v. Hadley*, 2006 WL 572329, at *1-2 (S.D. Ala. 2006) (denying Rule 60(b) relief to pro se inmate who sought to revoke his Rule 41 voluntary dismissal because he no longer wished to dismiss the suit and finding inmate's change of mind did not fit within Rule 60(b)).

This case remains closed and the Court will not be taking any action on Plaintiff's notice at Doc. 7.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court will not be taking any action on Plaintiff's notice at Doc. 7. This case remains closed.

**IT IS SO ORDERED**.

**Dated August 3, 2023, in Kansas City, Kansas.**

> **S/   John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**